UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRYL C. CARTER, | ) |
|        Plaintiff, | ) |
| v. | ) Civil Action No. 23-2314 (UNA) |
| JAMES COMER, | ) |
|        Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2), his *pro se* civil complaint (ECF No. 1), and motion for CM/ECF password (ECF No. 3). The application will be granted, the case will be dismissed for lack of subject matter jurisdiction, and the motion for CM/ECF password will be denied as moot.

Under Article III of the Constitution, "plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations omitted). A party has standing if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Darryl Carter brings this action against the Chair of the House Committee on Oversight and Accountability. Compl. ¶¶ 2, 4. Carter claims that the Chair has "a duty . . . to direct the review . . . operations of government activities at all levels," *id*. ¶ 5 and to collect and investigate "tips" from the general public, such as the 27 tips Carter has submitted, *id*. ¶¶ 6, 12.

Even assuming that Carter has suffered or is suffering an injury—"emotional duress" stemming from the "tyranny of the federal government via its **WOKE** politics and **DEEP STATE**

social revolution radicalism," compl. ¶14—he has not sufficiently explained why that injury is particular to him.  "[I]t is not sufficient that he has merely a general interest common to all members of the public."  *Ex parte Levitt*, 302 U.S. 633, 636 (1937) (per curiam).  His injury must be "particularized"—it "must affect the plaintiff in a personal and individual way."  S*pokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).  The fact that he is upset about federal government action is not enough.

Compounding the jurisdictional problem, Carter has not established that his requested relief would redress his injury.  Carter asks for essentially a declaration from this Court that the Chair of the House Committee on Oversight and Accountability must "direct review of serious government misconduct."  Compl. ¶17.  But it is not clear that his concerns even qualify as "serious government misconduct."  Not is it clear that a single committee of a single chamber of Congress' review of that misconduct would result in the dismantling of the federal government's "**WOKE** politics and **DEEP STATE** social revolution radicalism."

An Order will be issued separately.

DATE:  March 17, 2024

                                                                   CARL J. NICHOLS
United States District Judge